IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| KEVIN ANTONIO WATSON, | ) | |
| Plaintiff, | ) | Civil Case No. 7:21-cv-00049 |
| | ) | |
| v. | ) | |
| | ) | By: Michael F. Urbanski |
| HAROLD W. CLARKE, | ) | Chief United States District Judge |
| Respondent. | ) | |

**MEMORANDUM OPINION**

Kevin Antonio Watson, a Virginia inmate proceeding pro se, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. After review of the petition, the court concludes that it must be summarily dismissed.[1]

I. BACKGROUND

Watson's petition challenges a disciplinary conviction he received while incarcerated at River North Correctional Center. Specifically, he asserts that he received an institutional charge of offense code 137(A), for allegedly committing a "lewd or obscene act" directed toward or in another's presence. In Watson's case, for which he alleges he was convicted and "sentenced" on February 1, 2020, he was accused of masturbating in front of a staff member. According to his petition, the only penalty imposed as a result of the disciplinary conviction was a $10 fine. The penalty did not result in the loss of any earned good conduct time.

In his petition, he contends that offense code 137(A) is unconstitutionally vague because it does not define what acts or acts are considered "lewd or obscene" and does not

---

[1] Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, a court may summarily dismiss a petition when it is plain that the petitioner is not entitled to relief.

specifically state that masturbation is such an act. As a result, he claims that he was convicted in violation of his Fifth and Fourteenth Amendment rights to due process. Relying on the standard for review of a state court's resolution of a habeas claim, he argues that the adjudication of the claim against him resulted in a decision that was contrary to or involved an unreasonable application of state law, or was based on an unreasonable determination of the facts. Pet. 11–12, ECF No. 1. For relief, Watson asks the court to "vacate and dismiss the conviction with prejudice" because Code 137(A) is "unconstitutional facially and as-applied." Id. at 17.

## II.  DISCUSSION

Upon review of Watson's petition, the court concludes that his challenge does not sound in habeas, for the reasons detailed below. And because he has a pending 42 U.S.C. § 1983 case challenging the same disciplinary conviction, the court declines to recharacterize the complaint as an action pursuant to 42 U.S.C. § 1983.

Watson's claims are not proper habeas claims because granting relief on those claims would not necessarily imply that the duration of his sentence should be shortened. See Wilkinson v. Dotson, 544 U.S. 74, 81 (2005) (holding that where success on a claim "would not necessarily spell immediate or speedier release for the prisoner," habeas corpus is not the appropriate remedy) (emphasis in original). In particular, the only penalty imposed as a result of his disciplinary conviction was a monetary one, and Watson makes no argument that this conviction will affect the duration of his sentence.[2] Even if he were to successfully show that

---

[2] To the extent that the existence of his conviction could affect his good time earning level, that effect does not trigger constitutionally protected due process rights. A number of courts have held that Virginia

the disciplinary conviction should be vacated, either because the offense code was unconstitutionally vague or because there was insufficient evidence to convict him, that result would not affect the <u>duration</u> of his sentence. Thus, his claims do not sound in habeas. See id.; Greene v. Hernandez, No. 1:17-CV-00307-FDW, 2018 WL 7458643, at *1 (W.D.N.C. June 1, 2018) (relying on Wilkinson to explain that a state prisoner "may proceed under § 2254 . . . only to the extent the disciplinary convictions increased the duration of his custody"); Gaskins v. Johnson, 443 F. Supp. 2d 800, 803–04 (E.D. Va. 2006) (construing § 2254 petition challenging disciplinary conviction as a § 1983 claim where the proceeding did not result in the loss of any "already-earned good-time credits," but simply caused prisoner the loss of the ability to earn more good-time credits); Ofori v. Clarke, No. 2:15CV140, 2015 WL 6759463, at *4–5 (E.D. Va. Nov. 5, 2015) (same).

The court also declines to construe Watson's petition as a § 1983 action. As Watson acknowledges, he has an active civil case in this court challenging the same disciplinary conviction and on basically the same grounds. See Watson v. Clarke, No. 7:20-cv-00357.[3] There is no entitlement for a plaintiff to pursue two cases at the same time that are substantially the same. Bey v. Virginia, No. 1:13cv102, 2014 WL 12607846, at *1 (E.D. Va. Jan. 31,

---

prisoners have no liberty interest in any particular classification or good conduct time earning rate, either derived from the United States constitution, Wolff v. McDonnell, 418 U.S. 539, 557 (1974), or as the result of Virginia laws or policies, see Mills v. Holmes, 95 F. Supp. 3d 924, 931–34 (E.D. Va. 2015) (analyzing Virginia statutes and VDOC regulations and concluding that "maintaining a particular . . . earning level" for good conduct "is not a protected liberty interest in Virginia"). The Fourth Circuit has also so held, although in an unpublished decision. West v. Angelone, 165 F.3d 22, 1998 WL 746138, at *1 (4th Cir. 1998) (unpublished table decision) ("Inmates have no protected liberty interest in remaining in or being assigned to a particular good conduct allowance level . . . .").

[3] In that case, defendants have filed a motion for summary judgment, which is fully briefed and pending before the court.

3

2014) ("Plaintiffs have no right to 'maintain two separate actions involving the same subject matter at the same time . . . against the same defendant[s].'") (quoting Olinev v. Gardner, 771 F.2d 856, 859 (5th Cir. 1985)).   The court will instead dismiss his petition.

### III.  CONCLUSION

For the foregoing reasons, Watson's petition will be dismissed without prejudice.  An appropriate order will be entered.

It is so **ORDERED**.

Entered:  February 8, 2021

Michael F. Urbanski
Chief U.S. District Judge
2021.02.08 11:06:17
-05'00'

Michael F. Urbanski
Chief United States District Judge